645 F.2d 538
 25 Empl. Prac. Dec. P 31,717
 Dolores Marie MEADOWS et al., Plaintiffs-Appellees,
v.
FORD MOTOR COMPANY, Defendant-Appellee,
and
Local 862, International Union, United Automobile, Aerospace
and Agricultural Implement Workers of America
(UAW), Defendant-Appellant.
 No. 79-3372.
 United States Court of Appeals,
Sixth Circuit.
 Argued Feb. 2, 1981.
Decided April 1, 1981.
 
 Herbert L. Segal, Segal, Isenberg, Sales, Stewart & Nutt, Walter L. Sales, Louisville, Ky., for defendant-appellant.
 Franklin S. Yudkin, Louisville, Ky., for Betty Baker.
 James C. Hickey, Ewen, MacKenzie & Peden, P.S.C., Louisville, Ky., for Dolores Meadows.
 John A. Fillion, Marley S. Weiss, Detroit, Mich., for defendant-appellant.
 Jon L. Fleischaker, Wyatt, Grafton & Sloss, Edgar A. Zingman, Sheryl Snyder, Louisville, Ky., for plaintiffs-appellees.
 Before EDWARDS, Chief Judge, BROWN, Circuit Judge, and BATTISTI,* District Judge.
 PER CURIAM.
 
 
 1
 This case originated in 1973 when the Ford Motor Company opened its Ford truck plant near Louisville, Kentucky, employing in the course of its hiring practices for the plant a general rule, applicable to male and female candidates for employment, which excluded any applicant who did not weigh at least 150 pounds.
 
 
 2
 Appellee Meadows had applied for a job on the production line on October 10, 1969 but had not been hired and she filed an action under the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1976). The case was heard before the United States District Court for the Western District of Kentucky which concluded that the company weight rule excluded 70% female applicants and only 20% male applicants and that it had discriminatory effect not justified by business necessity.
 
 
 3
 The District Court granted summary judgment for the plaintiff including a preliminary injunction ordering Ford to cease discriminating in its hiring. While it awarded costs and attorney fees to the plaintiff and identified 31 members of the class represented by Meadows and required that they be given a priority place for employment, the court did not order backpay or hiring with retroactive seniority.
 
 
 4
 On appeal, this court held that backpay was clearly called for and the question of retroactive seniority should be first determined by the District Court and we remanded the case to the District Court for determination of a proper remedy. While the case was pending on remand, the United States Supreme Court decided Franks v. Bowman Transportation Co., 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976), which dealt directly with the issue of possible conflict between the rights of those persons who had been discriminated against and the employees who had been hired after the plaintiffs' applications had been denied. In Franks, the majority opinion said:
 
 
 5
 Second, and more fundamentally, it is apparent that denial of seniority relief to identifiable victims of racial discrimination on the sole ground that such relief diminishes the expectations of other, arguably innocent, employees would if applied generally frustrate the central "make whole" objective of Title VII.
 
 
 6
 424 U.S. at 774, 96 S.Ct. at 1268.
 
 
 7
 Circumstances peculiar to the individual case may, of course, justify the modification or withholding of seniority relief for reasons that would not if applied generally undermine the purposes of Title VII.
 
 
 8
 424 U.S. at 779, 96 S.Ct. at 1271.
 
 
 9
 Without purporting to resolve in this case all the future claims from discriminatees or persons displaced by them by a remedial order, we now affirm the judgment of the United States District Court. No showing of any entitlement to remedy on the part of male employees whose job or economic interests may have been adversely affected by the remedial order having been made in the record before the Special Master or the District Judge, the judgment of the District Court is affirmed.
 
 
 
 *
 Honorable Frank J. Battisti, Chief Judge, United States District Court for the Northern District of Ohio, sitting by designation